UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| CHRISTOPHER ESTRADA, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-149 |
| | § | |
| COTTIWHITE, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ON PENDING MOTIONS

In this § 1983 prisoner civil rights action, Plaintiff claims that Officer Jimmy Coti White used excessive force against him on October 29, 2013, and that Sheriff Jim Kaelin knew Officer White had injured Plaintiff, but he failed to ensure that medical treatment was provided to Plaintiff and allowed officer White to continue to work near Plaintiff. Pending are the following motions:

(1) Nueces County's Rule 12(b)(6) Motion to Dismiss Complaint (D.E. 16);

(2) Plaintiff's Declaration [Motion] for Entry of Default (D.E.21);

(3) Defendants' Motion to Strike Plaintiff's Reply to Answer (D.E.25);

(4) Plaintiff's Motion for Appointment of Counsel (D.E. 28);

(5) Defendant White's Motion to Compel Discovery Responses (D.E. 30); and

(6) Plaintiff's Motion for Trial Setting (D.E. 32).

Upon consent of the parties (D.E. 12, 19), this case was referred to the undersigned United States Magistrate Judge to conduct all further proceedings, including entry of final judgment. (D.E. 33). *See* 28 U.S.C. § 636(c).

## I. JURISDICTION

The Court has federal question jurisdiction. 28 U.S.C. § 1331.

## II. BACKGROUND FACKS AND PROCEEDINGS

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID), and is currently confined at the Stevenson Unit in Cuero, Texas, although his complaint concerns events that occurred while he was in custody at the Nueces County Jail. He is serving a five-year sentence for evading arrest/detention and unauthorized use of a vehicle. On April 30, 2014, Plaintiff filed his original complaint and named as defendants (1) Deputy Coti White and (2) Sheriff Jim Kaelin. (*See* D.E. 1). On June 4, 2014, Plaintiff filed his first amended complaint. (D.E. 6).

On July 9, 2013, a *Spears*[1] hearing was conducted to afford Plaintiff an opportunity to better explain his claims. The following allegations were made in Plaintiff's original complaint, amended complaint, or at the hearing and are set forth from the Plaintiff's perspective:

Plaintiff arrived at the Nueces County Jail on August 3, 2013. On October 29, 2013, without provocation, Deputy White assaulted Plaintiff:

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

> Officer White repeatedly bashed my head against a wall, bars, any surface that was in the vicinity. He then slammed me onto the ground, and then dropped on top of me with the entirety of his 350+ pounds. At this point, I was injured without a reasonable doubt.

(D.E. 6, p. 2).

Plaintiff's arms were handcuffed behind him during the incident. Officer White then "dragged" Plaintiff to the cell area and locked him up. Plaintiff's injuries included a black eye, busted lip, knots on his head, bruising, and a sore hand, and he requested to be taken to medical, but Officer White refused.

Two hours later, Plaintiff was taken to medical. Sergeant Gonzales took pictures of Plaintiff's face, hands, and other bruised areas. Nurse Jennifer LNU made note of Plaintiff's injuries and complaints in his medical records, but she did not treat him. He was not given pain medication or ice, nor evaluated properly. Later that evening, Plaintiff suffered four seizures. His back and legs became numb each time, and he attributes the seizures to the assault.

Three days after the incident, Plaintiff was evaluated by medical. X-rays were taken of his back and of his hand. He was sore and stiff with lacerations and contusions.

On the night of the incident, Plaintiff filed a grievance complaining about Officer White's conduct. Two weeks later, Sergeant Medina with the Criminal Investigations Division interviewed Plaintiff on camera and Plaintiff identified Officer White from a line-up. It was noted that the October 29th incident was recorded on video by security

cameras and witnessed by at least two other officers watching the monitors. These officers, Lane and Lowery, each gave written statements.

Following the incident, Officer White continued to have access to Plaintiff at the Jail because he worked in Plaintiff's housing area. Officer White made repeated threats against Plaintiff in an attempt to intimidate him from pursuing his complaints against him, and he denied him food and recreation time in the dayroom. Plaintiff lived in constant fear for his own safety and he suffered mental and emotional anguish.

Plaintiff stated that he believed Sheriff Kaelin and other jail administrators were aware of what was happening, but they allowed Officer White to have continued contact with him in violation of his constitutional rights. However, at the hearing, Plaintiff voluntarily moved to dismiss his claims against Sheriff Kaelin.

Plaintiff was transferred from the Jail on January 27, 2014.

## III. PENDING MOTIONS

### A. Nueces County's Motion to Dismiss

Plaintiff originally sued Officer White and Sheriff Kaelin in their individual and official capacities. Defendants' employer, Nueces County, has intervened and moves to dismiss Plaintiff's claims against Officer White in his official capacity arguing that those claims are essentially against the County itself and that the County cannot be held liable under § 1983 for simply employing a tortfeasor. (D.E. 16, p. 5). In his response, Plaintiff does not object to the dismissal of his claims Officer White in his official capacity.[2] (*See*

---

[2] Plaintiff does not address Sheriff Kaelin but his statements suggest that he is interested in pursuing only his claims against Officer White in his individual capacity.

D.E. 24). Plaintiff clearly states that his claim is against Officer White in his individual capacity for excessive force.

Although Rule 12(b)(6) authorizes a defendant to move to dismiss a complaint for "failure to state a claim upon which relief may be granted," the district court must construe the complaint in a light most favorable to the plaintiff, and the allegations contained therein must be taken as true. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In the context of a defendant's motion to dismiss, the district court's review is limited to the allegations in the complaint and to those documents attached to a defendant's motion to dismiss to the extent that those documents are referred to in the complaint and are central to the claims. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). "If, based on the facts pleaded and judicially noticed, a successful affirmative defense appears, then dismissal under Rule 12(b)(6) is proper." *Hall v. Hodgkins*, No. 08-40516, 2008 WL 5352000, *3 (5th Cir. 2008).

Plaintiff has abandoned his claims against Sheriff Kaelin altogether and he is no longer suing Officer White in his official capacity in an attempt to bring municipal liability claims against Nueces County. Accordingly, Nueces County is not a necessary defendant in this lawsuit, and its motion to dismiss (D.E. 16) is **GRANTED**.

### B. Plaintiff's Motion for Entry of Default

Defendant White was served with summons via service on the attorney for Nueces County on June 24, 2014. (D.E. 15). Plaintiff argues that Officer White has failed to appear and file an answer within thirty (30) days after service such that Plaintiff is entitled to default judgment against him. (D.E. 21). However, Officer White filed his Answer on August 8, 2014. (D.E. 17). Accordingly, Plaintiff's motion for entry of default judgment against Officer White (D.E. 21) is **DENIED.**

### C. Defendant's Motion to Strike Plaintiff's Reply to Answer

On August 25, 2014, Plaintiff filed a "reply" to Defendant White's Answer objecting to Defendant's alleged failure to take responsibility for the actions of October 29, 2013. (D.E. 23). Although the Federal Rules of Civil Procedure do not require a plaintiff to reply or object to the statements made in a defendant's answer, when a plaintiffs is proceeding *pro se,* the federal courts afford the plaintiff with a certain amount of leeway, and it is not necessary for a defendant to police the pleadings and request that a document be struck simply because it is not authorized. Here, Plaintiff's reply is simply a reiteration of his *Spears* testimony and earlier pleadings. Defendant's motion to strike (D.E. 25) is **DENIED**.

### D. Plaintiff's Motion for Appointment of Counsel

At the *Spears* hearing, Plaintiff related that he had spoken with several lawyers about taking his case against Officer White; however, none of those attorneys were willing to take the case on a contingency basis and they required a retainer, which Plaintiff does not have at this time.

No constitutional right to appointment of counsel exists in civil rights cases. *Wendell v. Asher*, 162 F.3d 887, 892 (5th Cir. 1998); *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994). A district court is not required to appoint counsel unless "exceptional circumstances" exist. *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987) (quoting *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261 (5th Cir. 1986)). Among the factors that the Court should consider are: "(1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence. The court should also consider whether appointed counsel would aid in the efficient and equitable disposition of the case." *Jackson*, 811 F.2d at 262 (citing *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)).

Upon careful consideration of the factors set forth in *Jackson*, the Court finds that appointment of counsel is not warranted at this time. Regarding the first factor, plaintiff's excessive force claim against Officer White in his individual capacity is straight forward, an investigation has already been conducted, and the claim itself does not present any complexities that are unusual in prisoner actions. The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case. Plaintiff has thus far demonstrated that he is able to adequately communicate and file pleadings with the Court. The fourth factor requires an examination of whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence. Plaintiff's action has not been scheduled for trial;

consequently, at this time, the appointment of counsel for trial would be premature. Following discovery, Plaintiff may re-urge his motion for appointment of counsel or the Court may do so *sua sponte* if the case is set for trial. Thus, Plaintiff's motion for appointment of counsel (D.E. 28) is **DENIED without prejudice**.

E.     **Defendant White's Motion to Compel Discovery Responses**

On August 14, 2014, Officer White served on Plaintiff via certified mail, return receipt requested, *Defendant's First set of Requests for Production to Plaintiff* and *Defendant's First Set of Interrogatories to Plaintiff.* On August 29, 2014, Plaintiff served a general objection to Defendant's discovery requests premised on the fact that he had not been "ordered" by the Court to respond. Plaintiff is advised that, with the Court's retention of his claim against Officer White and Officer White having filed his appearance and answer herein, the parties are now free to conduct discovery as provided for in the Federal Rules of Civil Procedure. (*See in particular,* Rules 26-31). This means Plaintiff may request copies of any internal investigations concerning the October 29, 2013 incident, as well as all written reports and findings generated therefrom. In addition, Plaintiff can submit written interrogatories to Officer White, by and through his counsel of record. Discovery is NOT to be filed with the Court. By separate Order, the Court will set discovery deadlines. Plaintiff needs no additional order to comply with Defendant's discovery requests. Defendant's motion to compel discovery (D.E, 30) is **GRANTED**, and *<u>Plaintiff is ORDERED to respond to the discovery requests within thirty (30) days of the date of entry of this Order.</u>*

### F. Plaintiff's Motion for a Trial Setting

A scheduling order with discovery and dispositive motion deadlines will be entered. Thereafter, if appropriate, the parties can discuss a trial setting. Plaintiff's motion (D.E. 32) is **DENIED without prejudice** as premature.

ORDERED this 6th day of November, 2014.

Jason B. Libby
United States Magistrate Judge