UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CHRISTOPHER ESTRADA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-149 |
| | § | |
| JIMMY COTI WHITE, *et al*, | § | |
| | § | |
| Defendants. | § | |

**ORDER DENYING DEFENDANT'S MOTION**
**TO CERTIFY ISSUE FOR INTERLOCUTORY APPEAL**

Pending is Defendant Coti White's motion for permission to appeal under 28 U.S.C. § 1292(b). (D.E. 61). Defendant seeks certification to file an interlocutory appeal of the Court's May 21, 2015 Order denying Defendant's motion for summary judgment to dismiss Plaintiff's excessive force claim for failure to exhaust administrative remedies. *Id.* Plaintiff opposes Defendant's motion. (D.E. 62). For the reasons stated herein, Defendant's motion is DENIED, and this case shall proceed to trial.

**I.    JURISDICTION.**

The Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. Upon consent of the parties, (D.E. 12, 19), this case was referred to the undersigned United States Magistrate Judge to conduct all further proceedings, including entry of final judgment. (D.E. 33). *See* 28 U.S.C. § 636(c).

**II.   BACKGROUND FACTS AND PROCEEDINGS.**

On April 30, 2014, Plaintiff filed his original complaint alleging excessive force against Nueces County Deputy Officer Jimmy Coti White.[1]

On June 11, 2014, Plaintiff filed a motion to amend complaint to clarify that he was raising federal claims only, and not state law claims. (D.E. 10).

At a June 18, 2014 *Spears*[2] hearing, Plaintiff's was granted leave to amend his complaint to raise federal claims only and to dismiss any claims of negligence.

On November 6, 2014, the Court dismissed Plaintiff's claims against Officer White in his official capacity. (D.E. 36).

On March 6, 2015, Defendant White filed a motion for summary judgment to dismiss Plaintiff's excessive force claim against him on the grounds that Plaintiff failed to exhaust his administrative remedies as is required by 42 U.S.C. §1997e(a). (D.E. 44). Plaintiff filed a response in opposition (D.E. 48), to which Defendant filed a reply (D.E.51) and an additional brief. (D.E. 56).

By Order entered May 21, 2015, Defendant's motion for summary judgment was denied. (D.E.57). The uncontested facts established that, on the same day of the Use of Force (UOF), October 29, 2013, Plaintiff filed an Inmate Communication Form (ICF), with jail officials requesting to speak to a grievance officer and providing a narrative of the UOF and seeking medical assistance. (*See* D.E. 57, p. 5). Two days later he filed a follow-up grievance asking to speak to Internal Affairs. (D.E. 57, p. 6). Plaintiff did not receive a response to either grievance. (D.E. 57, p. 6). On January 16, 2014, Plaintiff

---

[1] Plaintiff alleged an Eighth Amendment failure to protect claim against Defendant John Doe, who was later identified as Sheriff Jim Kaelin, but Plaintiff voluntarily dismissed his claims against Sheriff Kaelin and Nueces County. Officer Coti White is the single remaining Defendant in this action.
[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

filed a third grievance, again complaining that he had been assaulted by Defendant on October 29, 2013, and also noting that the UOF had been recorded on video and observed by two other officers who had given statements. (D.E. 57, p. 6). Plaintiff affirmatively stated that he wanted to file charges against Officer White. (D.E. 57. p. 6).

On January 17, 2014, a Nueces County grievance officer, Patricia Gamez, responded to Plaintiff's January 16, 2014 ICF stating that the matter had been forwarded to Sergeant Bedia. (D.E. 57, p. 6). That same day, Sergeant Bedia reported that in November 2013, Plaintiff's case had been filed with the Nueces County District Attorney but, after review of the case, the District Attorney had declined to prosecute due to insufficient evidence. (D.E. 57, p. 6).

On the uncontested summary judgment evidence, it was determined that Plaintiff had adequately placed jail officials on notice of his complaint against Defendant and had complied with the written jail grievance policy. (D.E. 57, p. 16-17). Based on this finding, Defendant's motion for summary judgment to dismiss for failure to exhaust administrative remedies was denied. (D.E. 57).

On June 8, 2015, Defendant filed his motion for certification to file an interlocutory appeal. (D.E. 61).

On June 29, 2015, Plaintiff filed his response in opposition to Defendant's motion for interlocutory appeal. (D.E. 62).

## III.   LEGAL STANDARD.

The final judgment rule provides that "a party is entitled to a single appeal, to be deferred until final judgment had been entered." *Digital Equip. Corp. v. Desktop Direct,*

*Inc.,* 511 U.S. 863, 868 (1994); *Henry v. Lake Charles Am. Press, L.L.C.,* 566 F.3d 164, 171 (5th Cir. 2009). However, 28 U.S.C. § 1292(b) allows interlocutory appeals before final judgment when a trial court's decision: (1) involves a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). "Unless *all* these criteria are satisfied, the district court may not and should not certify its order … for an immediate appeal under section 1292(b). *Ahrenholz v. Bd. of Trustees of the Univ. of Ill.,* 219 F.3d 674, 676 (7th Cir. 2000) (emphasis in original). The Fifth Circuit instructs that such interlocutory appeals should only be granted in "exceptional" circumstances. *Clark-Dietz & Associates-Engineers, Inc. v. Basic Constr. Co.,* 702 F.2d 67, 69 (5th Cir. 1983). Additionally, the decision to permit an interlocutory appeal is within the discretion of the district court. *Cheney v. U.S. Dist. Court for the Dist. of Columbia,* 542 U.S. 367, 405 n.9 (2004).

**IV.   DISCUSSION.**

Defendant seeks to certify the issue of Plaintiff's exhaustion of his administrative remedies under 42 U.S.C. § 1997e. Defendant argues that Plaintiff did not file a formal complaint and as such, did not exhaust the Jail's administrative grievance procedures. Defendant argues that this question presents a controlling issue of law to which there is a substantial ground for difference of opinion and the resolution of which will materially advance the termination of this litigation. (D.E. 61. p. 2). He also points out that the Fifth Circuit has permitted interlocutory appeals on the issue as to whether a prisoner has exhausted his administrative remedies as required by the PLRA before filing suit in

federal court. *See e.g. Johnson v. Johnson,* 385 F.3d 503 (5th Cir. 2004); *Johnson v. Ford,* 261 Fed. Appx. 752 (5th Cir. 2008) (unpublished); *Rosa v. Littles,* 336 Fed. Appx. 424 (5th Cir. 2009) (unpublished); *Gonzalez v. Seal,* 702 F.3d 785 (5th Cir. 2012). (D.E. 61. p. 1).

    A.    **Controlling Question of Law.**

To qualify for interlocutory appeal under § 1292(b), the issues presented must involve questions of law, not fact. *Ryan v. Flowserve Corp.,* 444 F. Supp. 2d 718, 722 (N.D. Tex. 2006). An issue of law is controlling if the reversal of the district court's order would terminate the litigation. *Klinghoffer v. S.N.C. Archille Lauro Ed AltriGesitone Motonave Achille Lauro in Aministrazione Straordinaria,* 921 F.2d 21, 24 (2d Cir. 1990). However, a question of law does not mean the application of settled law to disputed facts. *McFarlin v. Conseco Ser., L.L.C.,* 381 F.3d 1251, 1258 (11th Cir 2004).

The law is well settled: under the Prison Litigation Reform Act of 1985 (PLRA), a prisoner must exhaust his available administrative remedies before filing suit in federal court. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524 (2002). However, exhaustion is an affirmative defense, and the defendant has the burden of proving that the plaintiff failed to exhaust administrative remedies. *Jones v. Bock,* 549 U.S. 199, 216 (2007); *Dillon v. Rogers,* 596 F.3d 260, 266 (5th Cir. 2010). In this case, for purposes of summary judgment, Defendant failed to prove that Plaintiff failed to exhaust his administrative remedies.

In support of his motion for summary judgment, Defendant offered the affidavit of the grievance officer, Ms. Patricia Gamez. However, this Court rejected Ms. Gamez' opinion that Plaintiff had not exhausted the jail administrative procedures finding that Ms. Gamez misquoted the Jail Handbook and Section VI of the Grievance Policy. Despite filing three complaints, Ms. Gamez never issued Plaintiff a "formal complaint" form as was her responsibility. The Court concluded that the combined complaints, internal investigation, statements, and persistent involvement of Plaintiff in the process sufficiently placed Defendant on notice of his excessive force claim against him and satisfied the jail's administrative procedure. (D.E. 57).

The Fifth Circuit has recognized that there are circumstances in which administrative remedies may be personally unavailable to a particular prisoner and in which administrative remedies will therefore be deemed "unavailable" for purposes of Section 1997e(a). *See Days v. Johnson,* 322 F.3d 863, 867 (5th Cir. 2003), overruled by implication on other grounds, *Jones,* 549 U.S. at 216. As a general matter, where prison officials prevent, thwart, or hinder a prisoner's efforts to utilize the administrative remedy procedure, those officials effectively render that remedy "unavailable" to such an extent that a court will excuse the prisoner's failure to exhaust. *See, e.g. Little v. Jones,* 607 F.3d 1250 (10th Cir. 2010). More specifically, "[i]f the institutional authorities refuse to provide a prisoner with the forms needed to exhaust administrative remedies, then those remedies are not 'available' to the prisoner." *Aceves v. Swanson,* 75 Fed. Appx. 295, 296 (5th Cir. 2003); *accord Dale v. Lappin,* 376 F.3d 652, 656 (7th Cir. 2004); *Abraham v. Costello*, 717 F. Supp. 2d 391, 395-96 (D. Del. 2010); *Davis v. Berkobile*, 2008 WL

2522502, *8 (N.D. Tex. June 13, 2008). In addition, prison officials' mere statements concerning administrative remedies can render such remedies "unavailable." *Dillon,* 596 F.3d at 268. Likewise, administrative remedies are "unavailable" where a prisoner is reasonably deterred from utilizing the grievance procedure by threats from prison officials. *See Turner v. Burnside,* 541 F.3d 1077, 1084-85 (11th Cir. 2008) (holding prison official's threat to transfer inmate away from his family may be sufficient to render administrative remedies unavailable).

While it is a question of law whether administrative remedies qualify as being available under 42 U.S.C. § 1997e(a), availability may sometimes turn on questions of fact. *See Dillon,* 596 F.3d at 266. In this case, the uncontested summary judgment facts established that the Nueces County Jail's administrative remedy was not available to Plaintiff in that Ms. Gamez failed or refused to provide Plaintiff with a formal complaint form. In the alternative, Plaintiff filed three complaints and placed Defendant on notice of his excessive force claim against him, satisfying the purpose of the exhaustion requirement. *Johnson v. Johnson,* 385 F.3d 503, 517 (5th Cir. 2004). Although the exhaustion issue in and of itself would terminate the litigation, Defendant's appeal is more properly characterized as a challenge to this Court's characterization of the exhaustion facts and a dispute about the law applied to those facts, which is not a controlling question of law for purposes of a § 1292(b). *McFarlin,* 381 F.3d at 1258.

### B. Substantial Ground for Difference of Opinion.

Even assuming controlling issues of law were present, there must also be a substantial ground for difference of opinion over the controlling question of law of

certification under § 1292(b).  Courts have found substantial ground for difference of opinion where:

> A trial court rules in a manner which appears contrary to the rulings of all Courts of Appeals which have reached the issue, if the circuits are in dispute on the question and the Court of Appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.

*Ryan,* 444 F. Supp. 2d at 723-24.  The threshold for establishing a "substantial ground for difference of opinion" is higher than mere disagreement or even the existence of some contrary authority.  *Coates v. Brazoria Cty. Tex.,* 919 F. Supp. 2d 863, 868 (S.D. Tex. 2013).

Defendant argues that Plaintiff did not file a "formal complaint" and therefore did not exhaust his administrative remedies.  As noted above, however, the Fifth Circuit, as well as the Seventh and Eleventh Circuits have found that the administrative process is not available when prison authorities hinder or prevent access to it, as was done in this case.  Also, because exhaustion is an affirmative defense, there is no dispute that the burden lies on Defendant to establish that Plaintiff failed to exhaust his administrative remedies.  Here, Ms. Gamez' affidavit reflected a fundamental misunderstanding of the system in which she was charged with being an expert.  There is no substantial ground for disagreement on the issue of exhaustion.

### C.    Materially Advance the Litigation.

Finally, in order to justify an interlocutory appeal, such appeal must materially advance the ultimate termination of the litigation.  28 U.S.C. § 1292(b).  In evaluating whether the appeal would materially advance the litigation, "a district court is to exam

whether an immediate appeal would (1) eliminate the need for trial, (2) eliminate complex issues so as to simply the trial, or (3) eliminate issues to make discovery easier and less costly." *Costes,* 919 F. Supp. 2d at 867.

Were Defendant to appeal the grievance issue and prevail, it would end the litigation. However, as previously noted, an interlocutory appeal is not appropriate unless all three criteria are met, and this has not been done. *Ahrenholz,* 219 F.3d at 676. Nor are the circumstances of this case extraordinary. *Clark-Dietz,* 702 F.2d at 69. Finally, nothing herein prevents Defendant from raising this matter on appeal after final judgment. *Samuels v. Huff,* 344 Fed. Appx. 8, *1 (5th Cir. 2009) (party need not immediately appeal failure to exhaust issue but may do so after final judgment).

V.  **CONCLUSION**.

Defendant's motion to certify the issue of exhaustion for an interlocutory appeal (D.E. 61) is DENIED. A status conference will be set and the case shall be set for trial.

ORDERED this 12th day of August, 2015.

_____
Jason B. Libby
United States Magistrate Judge